UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

<u>Kevin Hall</u>

    v.                                            Civil No. 08-cv-492-JL

<u>William Albrecht</u>

**REPORT AND RECOMMENDATION**

    Before the Court is Kevin Hall's damages action (document no. 1), alleging that defendant, the Cheshire County Attorney, violated his rights by entering a *nolle prosequi* in Hall's criminal case during trial. As Hall is a prisoner, the matter is before me for preliminary review to determine, among other things, whether the complaint states any claim upon which relief might be granted. <u>See</u> 28 U.S.C. § 1915A(a); United States District Court District of New Hampshire Local Rule ("LR") 4.3(d)(2)(A).

<u>Standard of Review</u>

    Under this Court's local rules, when an incarcerated plaintiff commences an action pro se and in forma pauperis, the Magistrate Judge is directed to conduct a preliminary review. LR 4.3(d)(2). In conducting the preliminary review, the Court

construes pro se pleadings liberally, however inartfully pleaded. See Erickson v. Pardus, 551 U.S. 89, ___, 127 S. Ct. 2197, 2200 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972) to construe pro se pleadings liberally in favor of the pro se party). "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled." See Castro v. United States, 540 U.S. 375, 381 (2003) (noting that courts may construe pro se pleadings so as to avoid inappropriately stringent rules and unnecessary dismissals of claims); Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997). All of the factual assertions made by a pro se plaintiff and inferences reasonably drawn therefrom must be accepted as true. See id. This review ensures that pro se pleadings are given fair and meaningful consideration.

### Background

In May of 2005, Cheshire County Attorney William Albrecht commenced a prosecution against Hall for felony criminal mischief. During the trial, after four witnesses had testified, Albrecht entered a *nolle prosequi* in the case, dismissing the

case against Hall.  Hall complains now that the dismissal of his case prior to Hall being allowed to present witnesses or a defense violated Albrecht's duty to expose the truth.

### Discussion

"Prosecutors are immune from litigation for those activities closely related to the judicial phase of criminal proceedings for actions that are within the scope of their prosecutorial duties." Beck v. Plymouth County Super. Ct., 511 F. Supp. 2d 203, 206 (D. Mass. 2007) (citing Imbler v. Pachtman, 424 U.S. 409, 420 (1976)).  The decision whether or not to dismiss an indictment against a particular defendant is well within the scope of a prosecutor's duties occurring during the judicial phase of a prosecution.  See Imbler, 424 U.S. at 431 n.33.

Hall claims a violation of his rights occasioned by Albrecht's failure to complete the criminal mischief prosecution he initiated against Hall.  As stated above, however, the decision to dismiss an indictment is one that is shielded from legal challenge by prosecutorial immunity, and I recommend dismissal of this action on that basis.

Conclusion

As I have found that the sole claim in this action seeks monetary relief against a defendant who is immune from such relief, I recommend dismissal of this action.  See LR 4.3(d)(2)(A)(i).  Any objections to this Report and Recommendation must be filed within ten days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See Unauthorized Practice of Law Comm. v. Gordon, 979 F.2d 11, 13-14 (1st Cir. 1992); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).

/s/ James R. Muirhead
James R. Muirhead
United States Magistrate Judge

Date:   April 24, 2009

cc:     Kevin Hall, pro se